Rollins, S.
—In November, 1874, James M. Gano, as executor of this decedent’s. estate, filed an account of his proceedings. Objections thereto were interposed by various parties in interest, and the issues thus raised were submitted to a referee. A trial, ensued, in the course of which numerous witnesses were examined before the referee, but, for the space of about eight years prior to December 15, 1884, the proceeding slumbered. On the last named date the referee filed his report.. No .exceptions were taken to its findings, and it vías accordingly confirmed. The executor’s account went into decree on May 21, 1885. In June of the present year the executor commenced a second accounting proceeding, citing as parties thereto, among other persons, Sarah Hettrick, Laura Hettrick and Mamie Hettrick, who are grand nieces of this decedent, and, as such, are included among his heirs at law and next of kin
The executor’s petition referred to the decree of May, 1885, and alleged that by that decree, the account of his administration had been judicially settled and determined up to and including November 4, 1874. On September 8, 1887, the executor filed his second account covering his proceedings since the last named date.
The surrogate is now asked, on behalf of the Hettrick minors, to vacate as to them the decree of 1885, and to permit them to contest the account by that decree settled. It appears that they were not cited to appear in the proceeding now sought to be opened, and did not appear therein, and that no special guardian was appointed to protect their *714 interests. It follows that the decree complained of by them in no manner affects their rights, in the present accounting proceeding, to institute precisely the same inquiry into the executor’s management of this estate from the beginning, that they could have instituted if they bad been cited to attend, and had in fact attended, the former accounting proceeding. So far, therefore, as their claim to the relief here sought is based upon the supposed effect of the decree of 1885 in impeding the interposition and prosecution of their objections to the new account, it is not well founded.
It appears, however, from the papers before me that the executor claims to have expended for the benefit of the estate more than $11,000 in excess of the personal assets which have come to his hands; that it may be demonstrated in his- pending accounting proceeding that the personal assets of the estate are inadequate to satisfy the unpaid debts of this decedent, and that the satisfaction of such debts may require a resort to the real estate of which such decedent died seized. In view of this situation of affairs, the petitioners urge as a reason why their application should be granted, an alleged disadvantage under which they at present labor, because of certain provisions of the Code of Civil Procedure. Sections 1845 to 1860.
It appears that while the executor’s first accounting was pending before the referee there was commenced in the supreme court an action to which these petitioners and the executor were parties, and which resulted in an adjudication that certain provisions of this decedent’s will were invalid and ineffectual; that as to certain property of which, by those provisions, he had sought to make disposition he had died intestate, and that these petitioners were entitled to share in such property as his next of kin and heirs-at-law.
Section 1848 of the Code of Civil Procedure provides that where an action is brought against a decedent’s heirs by his creditors, “the plaintiff must show either:
First. That the decedent’s assets, if any, within the state were not sufficient to pay the plaintiff’s debt, in addition to the expenses of administration and debts of a prior class; or,
Second. That the plaintiff has been unable, or will be unable with due diligence, to collect his debt by proceedings in the proper surrogate’s court, and 'by action against the executor or administrator, and against the surviving husband or wife, legatees and next of kin.
The section further provides, that “ The executor’s or administrator’s account, as rendered to and settled by the sur *715 rogate, may be used as presumptive evidence of any of the facts required to be shown by this section.”
It is claimed on behalf of these petitioners, that they are entitled to be relieved from a situation in whidh this executor’s accounts, as settled by the aforesaid decree of 1885, may be used as presumptive evidence against them, because of the fact that they Were not parties to the proceeding which that decree terminated. It seems to me that this claim is not sound. The concluding clause of section 1848, above quoted, must be interpreted as providing either:
First. That an executor’s account, when settled by decree of the surrogate, must be received as presumptive evidence against all defendants in a creditor’s suit against heirs; or,
Second. That it is merely presumptive evidence against such of the defendants as had been parties to such decree.
It is unnecessary for present purposes to determine which of the two suggested interpretations is correct; if it be the latter, then manifestly these petitioners have no need of the relief here sought; it it be of the former, then quite as manifestly they have no title to it. For, in the latter event, the clause in question must have been intended by the legislature to apply to persons not next of kin of the decedent debtor, not legatees, not creditors, and not having any interest whatever in his estate by reason of which they would have been necessary or proper parties to a proceeding for the accounting of his executors.
I am referred to no decided cases which support the notion that persons not parties to an accounting proceeding, and not bound by a decree therein, pursuant to section 2742 of the Code, can successfully claim that such decree be opened under circumstances like the present.
The petitioners’ application must be denied.